Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

BEFORE THE FIRST DIVISION, JULY 21, 1948

**No. 52472.**—Sandoz Chemical Works, Inc., et al. *v.* United States, protests 130666–K, etc. (New York).

Opinion by COLE, J. It was stipulated that the merchandise in question is the same in all material respects as the estrogenic hormone passed upon in *Roche-Organon* v. *United States* (35 C. C. P. A. 99, C. A. D. 378). The claim at 10 percent under paragraph 34 was therefore sustained.

**No. 52473.**—Gedeon Richter Pharmaceutical Products, Inc. *v.* United States, protests 135687–K, etc. (New York).

Opinion by COLE, J. It was stipulated that the merchandise in question is the same in all material respects as the estrogenic hormone passed upon in *Roche-Organon* v. *United States* (35 C. C. P. A. 99, C. A. D. 378). The claim at 10 percent under paragraph 34 was therefore sustained.

BEFORE THE SECOND DIVISION, JULY 21, 1948

**No. 52474.**—Julius Kayser & Co. *v.* United States, protests 653447–G and 89347–K (New York).

Opinion by TILSON, J. It was stipulated that the merchandise consists of cotton fabric the same in all material respects as the fabric of which the gloves the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D.